UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 08-10082-CIV-MOORE/SIMONTON

TEXTRON FINANCIAL CORPORATION,
a Delaware corporation,

    Plaintiff,

vs.

UNIQUE MARINE, INC., a Florida corporation,
and TODD J. EBELEIN, an individual,

    Defendants.
_____/

## TEMPORARY RESTRAINING ORDER

THIS CAUSE having come before the Court upon the filing of TEXTRON FINANCIAL CORPORATION's Motion for Temporary Restraining Order Without Notice, and the Court having taken evidence in the form of the verified complaint, certificate in support, hearing argument of counsel for Plaintiff, and being fully advised in the premises, the Court finds that:

    1.    Defendant, UNIQUE MARINE, INC., executed and delivered to Plaintiff a Credit and Security Agreement signed June 26, 2007 which replaced the Wholesale Security Agreement signed August 15, 2003. A copy of the Credit and Security Agreement is attached to Plaintiff's Verified Complaint marked as **Exhibit "A."**

    2.    Pursuant to the express terms of the Credit and Security Agreement signed June 26, 2007, Defendant, UNIQUE MARINE, INC., granted Plaintiff a security interest in

All of Debtor's inventory, equipment, and fixtures, and all discounts, rebates, credits, incentive payments, returns, repossessions, exchanges, substitutions, replacements, attachments, parts, accessories and accessions thereto, and all accounts, chattel paper, instruments, documents, general intangibles, letter of credit rights and other supporting obligations arising therefrom, and all

judgments, claims, insurance policies and payments owed or made to Debtor thereon, all whether now owned or hereafter acquired, and all proceeds of all the foregoing.

(the "Collateral").

      3.    That Plaintiff has established a substantial likelihood of succeeding on the merits of its substantive claims; has demonstrated that the public interest favors the entry of a temporary restraining order; and has made a prima facie showing that it will suffer irreparable harm if Defendant, UNIQUE MARINE, INC., is permitted to continue selling inventory or otherwise using or disposing of any of the Collateral in which Plaintiff has a security interest as Plaintiff has demonstrated that UNIQUE MARINE, INC. has already violated the terms of the parties' agreements. Specifically, the Plaintiff has established that specific items of Collateral that have been sold without payment to Plaintiff, as identified on **Exhibit "D"** attached to the Verified Complaint.

IT IS THEREFORE ORDERED AND ADJUDGED:

      1.    Plaintiff's Motion for Temporary Restraining Order is GRANTED without notice to prevent, as timely as possible, any further or continued diminution of the Collateral.

      2.    Defendant, UNIQUE MARINE, INC., its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, who receive actual notice or knowledge of this Order, are hereby:

      a)    enjoined and restrained from selling inventory or otherwise using or disposing of any of the Collateral, including any trade-ins received by Defendants, described herein, acquired by Defendants using monies loaned by Plaintiff to Defendant, pursuant to the Credit and Security Agreement signed June 26, 2007 or which Defendant, UNIQUE MARINE, INC., has pledged to Plaintiff as collateral, which includes Inventory valued at over $3,134,000.00. The specific inventory is listed on **Exhibit "C"** to Plaintiff's Verified Complaint

      b)    enjoined and restrained from depositing any and all payments or money received by Defendant, from all sources arising from the sale, transfer or disposition of any Collateral derived from the sale of Inventory or otherwise, the purchase of which was financed by Plaintiff, into the general operating account or accounts of Defendant, UNIQUE MARINE, INC., a Florida corporation.

c)  ordered to deposit all payments or money received by Defendant, from all sources arising from the sale, transfer or disposition of any Collateral derived from the sale of inventory or otherwise, the purchase of which was financed by Plaintiff, into a separate trust account into which only the proceeds from sales of Collateral acquired by Defendant using monies loaned by Plaintiff to Defendant, pursuant to the Credit and Security Agreement, shall be deposited and held in trust for the sole benefit of Plaintiff, as required by Paragraph 8 of the Credit and Security Agreement.

d)  ordered to furnish the Court and Plaintiff's counsel, James E. Foster, Esq. at 420 S. Orange Avenue, Suite 1200, Orlando, Florida 32801 and by facsimile at 407-843-6610, with a daily list of all monies, instruments, drafts, checks or money transfers received by it and Defendant will, next to each item, state the course from which the monies or items were received and the reason for its receipt and if, from the sale of Collateral, the purchase of which was financed by Plaintiff, Defendant, UNIQUE MARINE, INC., will identify the items sold and the date sold.

e)  enjoined and restrained from expending any monies from any account into which the proceeds from the sale of any items of Collateral, the purchase of which was financed by Plaintiff, are being or have been deposited, except as may be necessary to satisfy a lien or security interest which is prior to the lien or security interest of Plaintiff in connection with the closing of the sale pursuant to a contract entered into prior to the date of this Order, but only if the amount due to Plaintiff on that specific item of Inventory has been paid to Plaintiff. Defendants may move to stay this subsection of the Order as soon as compliance with subsection (c) of this Order is accomplished.

f)  ordered to remit to Plaintiff via wire transfer all monies received from the sale of Collateral, the purchase of which was financed by Plaintiff, as soon as those funds are available.

3. As a condition of this Order, Plaintiff shall post a bond in the penal sum of $100,000.00.

4. This Order is binding on the parties to this action, their officers, agents, servants, employees, and attorneys, and on those persons in active concert or participation with them who

3

receive actual notice of this Order until ten (10) days after the entry of this Order or further order of this Court.

     5.    The Defendant, UNIQUE MARINE, INC.., may move to dissolve or modify this injunction at any time pursuant to Rule 65(b), Federal Rules of Civil Procedure.

DONE AND ORDERED in Chambers, this 23rd day of October, 2008, at 2 :33 AM/**PM**

                                              K. MICHAEL MOORE
                                              UNITED STATES DISTRICT JUDGE

Copies Furnished to:

James E. Foster, Esquire,
Akerman Senterfitt
Post Office Box 231
Orlando, Florida 32802-0231